PATRICK DOUGHERTY and JAMES DOUGHERTY, Executors, under the last Will and Testament of ROBERT RODDEN, deceased, *vs.* ANDREW FLEMMING.

*Amicable Action—Case Stated—Executors—Will—Devise—Fee Simple—Deed—Ground Rent; Extinguishment of— Lapse of Time—No Demand or Payment—Order of Court.*

It appearing to the Court, from the case stated, that the real estate described having been held and transferred in fee simple for over fifty-eight years, and that no claim for ground rent, nor any payment thereof, had been made for over sixty years, *held* that the deed executed by the plaintiffs and tendered to the defendant, would, if it had been accepted have conveyed to the defendant in fee simple the said real estate discharged of ground rent; and that judgment should, therefore, be entered in favor of the plaintiffs.

(*July* 3, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*S. S. Adams, Jr.* for plaintiffs.

*John Lynn* for defendant.

Superior Court, New Castle County, June Term, 1908.

ASSUMPSIT (Amicable Action on a case stated,) No. 115, June Term, 1908, involving a lien of ground rent.

The case stated, omitting the caption, was in the following form, to-wit:

And now to-wit, this thirtieth day of June, A. D. 1908, it is hereby agreed by and between the plaintiffs and the defendant in the above stated case, by and through their respective counsel that the following case be stated for the opinion of the Court in the nature of a special verdict, and that said cause shall be argued at the June Term of said Court, A. D. 1908.

The facts agreed upon by and between the said plaintiffs and the said defendant by and through their respective counsel, are as follows:—

*First*, That Peter Stalcup, late of the City of Wilmington, County of New Castle and State of Delaware, deceased, in his life time made and published his last Will and Testament in writing, bearing date the twenty-fourth day of February, A. D. 1778, which after his death was duly proved and allowed on the twentieth day of April, A. D. 1778, and is of record in the office of the Register of Wills in and for New Castle County aforesaid, in *Will Record L, Vol. 1, page 14*, wherein and whereby among other things he devised as follows:

"It is my Will that my just debts and funeral charges be first paid and satisfied—Then I give and bequeath unto my natural daughter Sarah the two-thirds of all my real estate together with one-half of the least perishable part of my Personal estate, The one remaining third part of my real estate I give to my brother, Samuel Price."

*Second.* That the said Sarah Stalcup, daughter of the said Peter Stalcup, intermarried with one Turpin Kilby.

*Third.* That the said Turpin Kilby and Sarah Kilby his wife by an Indenture under their hands and seals, bearing date the twelfth day of August, A. D. 1799, and recorded in the office for the recording of deeds etc., at Wilmington in and for New Castle County aforesaid, in *Deed Record V, Vol. 3, page 397*, granted and conveyed unto David Lummis in fee simple, all the lands, tenements and hereditaments, owned by the said Sarah Kilby in the Borough of Wilmington, aforesaid.

*Fourth.* That the said David Lummis by Indenture under his hand and seal, bearing date the thirteenth day of August, A. D. 1799, and recorded in the office for the recording of deeds, etc., at Wilmington, in and for New Castle County aforesaid in *Deed Record V, Vol. 3, page 400*, granted and conveyed unto Turpin Kilby in fee simple, all the lands, tenements and hereditaments, situate in the Borough of Wilmington aforesaid, and conveyed to the said Davis Lummis by Turpin Kilby and Sarah Kilby his wife, by the above mentioned Indenture.

*Fifth.* That the said Turpin Kilby after the death of his wife Sarah Kilby, intermarried with one Jennet Annan.

*Sixth.* That the said Turpin Kilby, departed this life on or about the      day of January A. D. 1812, after having made and published his last Will and Testament in writing, which after his death was duly proved and allowed by the Register of Wills in and for the County of Philadelphia, State of Pennsylvania, and an exemplified copy thereof is of record in the office of the Register of Wills in and for New Castle County aforesaid, in *Will Record L, Vol.* 3, *page* 132, wherein and whereby he devised all his estate to his wife Jennet Kilby in fee.

*Seventh.* That the said Jennet Kilby departed this life on or about the      day of September A. D. 1834, after having made and published her last Will and Testament in writing, which after her death was duly proved and allowed by the Register of Wills in and for the County of Philadelphia, State of Pennsylvania, and an exemplified copy thereof is of record in the office of the Register of Wills in and for New Castle County aforesaid, in *Will Record L, Vol.* 3, *page* 135, wherein and whereby among other things she devised all her estate of every kind to her grand-children, Emily Clay, Ann Clay and Julia Frances Clay, in equal shares, and in fee simple.

*Eighth.* That the said Samuel Price, departed this life intestate on or about the      day of                    A. D. 1803, leaving to survive him as his only heirs-at-law nine children, viz.: John R. Price, Susan Dutton, Hannah Mountain, Sarah Fairlamb, Ann Mountain, Samuel A. Price, Maria Price, Dorcus Price and Elizabeth Price.

*Ninth.* That Gabreal Jackson by Indenture under his hand and seal bearing date the twenty-eighth day of October, A. D. 1799, and recorded in the office for the recording of deeds etc., at Wilmington, in and for New Castle County aforesaid, in *Deed Record T, Vol.* 2, *page* 217, granted and conveyed unto Jeremiah Shad the hereinafter mentioned and described land and premises, the said Indenture reciting as follows: "This Indenture made the twenty-eighth day of October in the year of our Lord one thou-

sand seven hundred and ninety-nine, Between Gabreal Jackson
of the Borough of Wilmington and County of New Castle in the
State of Delaware ship-carpenter of the one part, and Jeremiah
Shad of the same Borough County and State aforesaid, butcher of
the other part: Whereas, Peter Stalcup late of the Borough and
County aforesaid, did by his Indenture duly execute under his
hand and seal demise, grant and to farm let unto Esther White,
of the same place a certain lot, piece of land situate, lying and
being in the Borough aforesaid and bounded and described as
followeth, to-wit: Beginning at a corner stone sat instead of an
old corner hickory being the corner formerly of the lands of Jonas
Stalcup, and Isreal Stalcup and lately of John White and Peter
Stalcup, thence with the division line of the lands of John White
and Peter Stalcup south twenty-eight degrees east three hun-
dred and thirty-three feet to a corner stone in the said line, thence
north fifty-eight degrees west four hundred and sixty-five feet to a
corner stone on the east side of French Street as laid out at fifty-
seven feet and six inches broad; thence with the east side of said
street one hundred feet to another corner stone; thence south,
fifty-eight degrees east one hundred and seventy-two feet to
another stone; thence north thirty-two degrees east and parallel
with French Street forty-nine feet and six inches to the place of
Beginning, containing by computation one hundred perches be
the same more or less with the improvements and appurtenances.
To hold to the said Esther White her heirs, executors, adminis-
trators and assigns for and during and until the full end and term
of Two Thousand years commencing on the twenty-fifth day of
March Anno Dom. 1771 under and subject to the yearly rent or
sum of fifteen shillings and seven pence current money of this
Government payable on the twenty-fifth day of March in each
and every year during the said term unto the said Peter Stalcup,
his Executors, Administrators or assigns as in and by the said
Indenture bearing date the twelfth day of March Anno Dom.
1771 reciting as therein is recited may more fully appear. And
Whereas, the said Esther White by a certain deed or Instrument
of writing endorsed on the above mentioned Indenture and duly

executed under her hand and seal for the consideration therein
mentioned, granted, bargained, sold, assigned, transferred and
made over unto the above named Gabreal Jackson and to Eliza-
beth his wife (who is since deceased) and to their heirs and
assigns,   All the above described lot or piece of land with the
improvements and appurtenances.   To hold to them  for and
during the remainder and unexpired part of the said term then
to come, under and subject to the aforesaid Ground Rent or sum
of fifteen shillings and seven pence as in and by the said Instru-
ment of writing dated the eighteenth day of eleventh month
Anno Dom. 1777 now more fully appears.   Now this Indenture
witnesseth, That the said Gabreal Jackson for and in  considera-
tion of the sum of two hundred dollars current lawful money  of
the United States of America to him in hand well and truly paid
by the said Jeremiah Shad at and before the sealing and delivering
of these presents, the receipt whereof he doth hereby acknowledge
and confess himself therewith fully satisfied and paid, and there-
of, and of, and from every part thereof doth release, acquit,
exonorate and forever discharge the said Jeremiah Shad his
heirs and assigns by these presents.   Hath granted, bargained,
sold, assigned, transferred and made over, and by these presents
Doth grant, bargain, sell, assign, transfer and make over unto the
said Jeremiah Shad, his heirs and assigns a certain lot, piece or
part of the above described lot bounded and described as fol-
loweth, to-wit:   Beginning at the beginning corner of the lot
above mentioned, thence with the old line south twenty-eight
degrees east three hundred and thirty feet to a corner stone,
thence north fifty-eight degrees west three hundred and forty-five
feet and six inches to a post (nineteen feet and six inches short
of the corner of a lot heretofore granted out of the above by the
said Gabreal Jackson unto John Garache), thence by a new line
dividing this from the remainder of the lot north thirty-two
degrees east and parallel to French Street eighty-two feet and
ten inches (from the north side of Kent Street) to a post in the
old line, thence with the same (and parallel with Kent Street)
south fifty-eight degrees east fifty-two feet and six inches to a

corner stone, thence north thirty-two degrees east and parallel to French Street forty-nine feet and six inches to the place of Beginning, be the contents thereof more or less. Together with all every the fences, ways, waters, watercourses, rights, liberties, easements, profits, improvements and appurtenances whatsoever thereunto belonging or in anywise appertaining. And all the estate right title, interest property claim and demand of the said Gabreal Jackson and his heirs of in and to the same, and of in and to every part thereof. To have and to hold the last above described lot or piece of land and premises with the appurtenances unto the said Jeremiah Shad his heirs and assigns to the only proper use and behoof of the said Jeremiah Shad his heirs and assigns for and during the remainder of the above mentioned term of Two Thousand years unexpired and yet to come, under and subject to the yearly ground rent of fifty cents payable continually to the said Gabreal Jackson his heirs or assigns. And the said Gabreal Jackson for him and his heirs Doth covenant, grant and agree to and with the said Jeremiah Shad his heirs and assigns, by these presents, That he the said Gabreal Jackson and his heirs, all and singular the said lot of land and premises hereby bargained and sold or mentioned or intended so to be with the appurtenances, against him the said Gabreal Jackson and his heirs, and against all and every other person or persons whomsoever having or claiming or that shall or may hereafter lawfully claim the same or any part thereof, by, from or under, him, them or any of them, unto the said Jeremiah Shad his heirs and assigns for and during the remainder of the term aforesaid, under and subject as aforesaid, shall and will Warrant and forever Defend by these presents. In witness whereof the said Gabreal Jackson has hereunto set his hand and seal the day and year first above written.

GABREAL JACKSON (Seal)

Signed, sealed and delivered
Jacob Weldin, Isaac Stevenson
    "Recd. the day of the date of the above written Indenture

of the above named Jeremiah Shad two hundred dollars in full of the consideration money above mentioned.

GABL. JACKSON.

"Witness present

JACOB WELDIN ·

ISAAC STEVENSON.

NEW CASTLE COUNTY       ss

"The execution of the within was proven by Isaac Stevenson, Esquire one of the Witnesses thereto, in open Supreme Court, held at New Castle, for the County of New Castle of the October Term, A. D. 1799.

"In testimony whereof I have hereunto set my hand and affixed the seal of said Court, October 31st, 1799.

JNO. WILEY,

*Clk. Supreme Court.*"

*Tenth.* That on the twentieth day of April A. D. 1820, Nathaniel Richards, administrator of the estate of Jeremiah Shad petitioned the Orphans' Court of the State of Delaware, in and for New Castle County aforesaid, praying an order for the sale of the whole or so much of the real estate of the said Jeremiah Shad as would be sufficient to pay his debts, as his personal estate was not sufficient.

*Eleventh.* That pursuant to the said order, as will appear by reference to *Orphans' Court Record L, Vol.* 1, *pages* 4-26, the said Nathaniel Richards, administrator as aforesaid, at public sale on the twentieth day of July A. D. 1820, sold the following mentioned and described real estate of the said Jeremiah Shad, situate in the Borough of Wilmington aforesaid, to Benjamin Ferris for the sum of Seven Hundred and Fifty Dollars, Beginning at a corner of William Hemphill's lot ( formerly Garresche's), standing on the Easterly side of French Street at seventy-three feet and six inches broad, thence by a line of the said lot south fifty-eight degrees East one hundred feet to a post standing in the corner of the said Hemphill's lot, thence with another line of the said lot south thirty-two degrees West twenty-five feet to

another corner of said lot in the direction of the Northeast side of Kent Street; thence with the direction of the Northeast side of Kent Street North fifty-eight degrees West one hundred feet to the Easterly side of French Street at the width aforesaid; thence along the said side of French Street south thirty-two degrees West twenty-four feet six inches to a stake standing in the direction of the middle of Kent Street; thence with a line running with the direction of the middle of Kent Street four hundred and sixty-five feet to a stake in a line of lands formerly of John White and Peter Stalcup; thence with a line of land of John Richardson north thirty-six degrees East one hundred and eleven feet four inches and a half to a corner stake of Joshua Wollaston's land; thence with a line of the said land and with a line of Jonathan Rial north fifty-eight degrees west and parallel with Kent Street four hundred and seventy-two feet to the Easterly side of French Street at the width aforesaid; thence with the said side of French Street south thirty-two degrees west fifty-eight feet to the first mentioned stake and place of Beginning.

*Twelfth.* That the said Benjamin Ferris and wife by Indenture under their hands and seals bearing date the twenty-fifth day of August, A. D. 1823, and recorded in the office for the recording of deeds, etc., at Wilmington, in and for New Castle County aforesaid, in *Deed Record U, Vol.* 4, *page* 152, granted and conveyed the above mentioned and described land, subject to the said ground rent, to Amelia Shad in fee.

*Thirteenth.* That the said Amelia Shad by Indenture under her hand and seal bearing date the second day of December A. D. 1849, and recorded in the office aforesaid, in *Deed Record F, Vol.* 6, *page* 147, granted and conveyed unto Absolom Shad in fee simple, all that part of the above mentioned piece or parcel of land bounded and described as follows: Beginning at the South Easterly side of Walnut Street and the North Easterly side of Eighth Street, thence along the said side of Eighth Street south fifty-eight degrees East one hundred and sixty-seven feet four inches to a stone in an old line of Peter Stalcup's land; thence by the said old line north thirty-six degrees East eighty-six feet ten

and a half inches to a stake; thence north fifty-eight degrees west one hundred and seventy-four feet and four inches to the afore-said side of Walnut Street; thence by the same south thirty-two degrees west to the place of Beginning.

*Fourteenth.* That the said Absolom Shad departed this life on or about the      day of June A. D. 1857, after having made and published his last Will and Testament in writing, which after his death was duly proved and allowed by the Register of Wills in and for the County of Kent, Dominion of Canada, and an exem-plified copy thereof is of record in the office of the Register of Wills in and for New Castle County aforesaid, in *Will Record M*, *Vol.* 2, *page* 12, wherein and whereby among other things he authorized and empowered Eliza J. Shad the executrix therein named to sell his real estate situate in the City of Wilmington aforesaid, and convey the same to the purchaser or purchasers thereof in fee simple.

*Fifteenth.* That the said Eliza J. Shad executrix of the estate of Absolom, deceased, by Indenture under her hand and seal, bearing date the tenth day of September, A. D. 1858, and recorded in the office aforesaid, in *Deed Record F, Vol.* 7, *page* 152 granted and conveyed the last mentioned and described land and premises to William Whipple in fee simple.

*Sixteenth.* That the said William Whipple and wife by Inden-ture under their hands and seals, bearing date the tenth day of May A. D. 1859, and recorded in the office for the recording of deeds etc., at Wilmington, in and for New Castle County afore-said in *Deed Record E, Vol.* 7, *Page* 401, granted and conveyed the last mentioned and described land and premises unto Henry F, Askew in fee simple.

*Seventeenth.* That the said Henry F. Askew and wife by In-denture under their hands and seals, bearing date the 22nd day of August A. D. 1860, and recorded in the office aforesaid, in *Deed Rebord N, Vol.* 7, *page* 64, granted and conveyed unto James Reeden in fee simple, all that part of the above mentioned piece or parcel of land, bounded and described as follows:    Beginning on the Easterly side of Walnut Street at the distance of fifty-six

feet three inches from the corner formed by the intersection of the Easterly side of Walnut Street with the Northerly side of Eighth Street, running thence with a line passing through the division wall of the house at its center South, fifty-eight degrees East sixty-seven feet to the westerly side of an alley three feet wide, running into Eighth Street; thence along said side of said alley North Sixty-two degrees East Thirteen feet two inches to a stake; thence north fifty-eight degrees west passing through the center of the northerly gable wall of the house Sixty-seven feet to the easterly side of Walnut Street; thence along said side of said Street south thirty-two degrees west thirteen feet two inches to the place of Beginning.

*Eighteenth.* That the said James Redden by Indenture under his hand and seal bearing date the 23d day of October A. D. 1901, and recorded in the office aforesaid, in *Deed Record L, Vol.* 18, *page* 44, granted and conveyed the last mentioned and described piece of land to Robert Rodden in fee simple.

*Ninteenth.* That the said Robert Rodden departed this life on or about the     day of January A. D. 1906, after having made and published his last Will and Testament in writing which after his death was duly proved and allowed, and is of record in the Office of the Register of Wills, in and for New Castle County aforesaid, in *Will Record Vol.     page*     wherein and whereby among other things he authorized and empowered Patrick Dougherty and James Dougherty the executors therein named to sell the last mentioned piece of land, and grant and convey the same to the purchaser or purchasers thereof in fee simple without any liability on the part of the said purchaser or purchasers as to the application of the purchase money.

*Twentieth.* That there is no record of the deed to Esther White, by which the said Peter Stalcup was alleged to have created the said ground rent, nor can the said deed be found, although a diligent search has been made for the same.

*Twenty-first.* That the said Jennet Kilby, devisee of the said Turpin Kilby, by an instrument of writing duly executed under her hand and seal, bearing date the nineteenth day of May A. D.

1821, and recorded in the office aforesaid, in *Deed Record Y, Vol. 3, page 528*, authorized and empowered one Benjamin Ferris to receipt for and release any and all ground rents in the Borough of Wilmington to which she was entitled or had any claim to.

*Twenty-second.* That there is no record of a release of the said ground rent, from the said Peter Stalcup, Sarah Kilby, devisee of the said Peter Stalcup, David Lummis, Turpin Kilby, Jennet Kilby, Benjamin Ferris, attorney in fact of the said Jennet Kilby, the devisees of the said Jennet Kilby, Samuel Price, one of the devisees of the said Peter Stalcup, the heirs-at-law of the said Samuel Price, Gabreal Jackson nor the heirs-at-law of Gabreal Jackson.

*Twenty-third.* That in none of the deeds conveying the said land since the deed of Benjamin Ferris to Amelia Shad, is there any mention or reference to a ground rent on the said land, and in all of the said deeds, the estate allotted, or conveyed was assumed to be a conveyance in fee simple, and no ground rent on said land was ever paid by, nor claimed from the said Robert Rodden or those under whom he claimed, for more than eighty years. The said Robert Rodden and those under whom he claimed exercised open acts of ownership, during all that time, such as selling the land and not accounting for the proceeds, and conveying the same in fee simple, paying the taxes, erecting permanent improvements, and in every way showing that they claimed to be the sole owners thereof.

*Twenty-fourth.* That there has been no demand for the payment of the said ground rent, nor has any payment been made thereon by any person whatever for upwards of sixty years.

*Twenty-fifth,* That up to the time of the death of the said Robert Rodden there had been no suit, action or prosecution of any kind brought or commenced in the Courts of the State of Delaware, touching the title of the said Robert Rodden, or those under whom he claims, of, in or to the said lot or piece of land and buildings.

*Twenty-sixth.* That since the death of the said Robert Rodden, no demand, claim or suit or action of any kind has

been brought to the notice of the said Patrick Dougherty and James Dougherty, executors of the estate of the said Robert Rodden touching the title of, in or to the said lot or piece of land and buildings.

*Twenty-seventh.* That on the ninth day of January A. D. 1908, the said defendant purchased from the said plaintiffs the last mentioned and described piece or parcel of land for the sum of Eleven Hundred Dollars, taking a receipt in writing from the said plaintiffs for part payment of the purchase money, the following being an exact copy of said writing.

"WILMINGTON, DEL., Jan. 9, 1908.

"Received of Andrew Flemming the sum of twenty-five dollars, being part payment of the purchase money of eleven hundred dollars for the house and lot owned by the estate of Robert Rodden situate in the City of Wilmington, on the Easterly side of Walnut Street north of Eighth Street, the balance of the purchase money to be paid when a good fee simple title, clear of all liens and encumbrances has been made.

PATRICK DOUGHERTY  ⎫
JAMES DOUGHERTY    ⎬   *Executors*"
ANDREW FLEMING     ⎭

*Twenty-eighth.* That on the first day of February A. D. 1908, the said Patrick Dougherty and James Dougherty, executors as aforesaid, signed and sealed a deed conveying the last mentioned and described piece or parcel of land to the said defendant in fee, and the said plaintiffs duly acknowledged the execution of the said deed in the manner required by the laws of the State of Delaware; that on the fourth day of February A. D. 1908, the said plaintiffs tendered the said deed to the said defendant and demanded of the said defendant that he pay them the said plaintiffs the balance of the said purchase money, to-wit the sum of Ten Hundred and Seventy-five dollars.

*Twenty-ninth.* That upon the tender of the above mentioned deed by the said plaintiffs to the said defendant, the said defendant refused and declined to accept and receive the same,

and further refused and declined to pay to the said plaintiffs the said balance of the said purchase money, being the sum of Ten Hundred and Seventy-five dollars. The said defendant stated then and there to the said plaintiffs that he refused and declined to accept said deed and to pay the balance of the purchase money because the said Robert Rodden at the time of his death, did not have a good fee simple title to the said land and premises clear and discharged of all liens and encumbrances, but that the above mentioned ground rent was a lien and charge thereon, and payable to the devisees of the said Jennet Kilby, or their heirs, and to the heirs-at-law of the said Samuel Price.

*Thirtieth.* That there are no encumbrances whatever of record against the said land and premises last above mentioned and described. That the said defendant still refuses to accept the said deed of conveyance from the said plaintiffs and pay the said plaintiffs the said purchase money remaining unpaid for the above reasons solely and for no others.

If upon the above stated facts the Court shall be of the opinion that the said deed, made and executed by the said Patrick Dougherty and James Dougherty, executors as aforesaid, to the said Andrew Flemming (which deed is hereby made a part of this case stated) would, if it had been accepted by the said defendant upon tender or offer of delivery have conveyed unto the said defendant in fee simple, the last mentioned and described piece or parcel of land, freed and discharged of the above mentioned ground rent, then judgment shall be entered for the plaintiffs for the sum of Ten Hundred and Seventy-five dollars, besides costs of suit. If, however upon the above stated facts, if it had been accepted by the said defendant upon tender or offer to deliver, the Court shall be of the opinion that the said deed would not have conveyed unto the said defendant in fee simple, the last mentioned and described land and premises, cleared and discharged from the said ground rent, then judgment shall be entered for the defendant for costs.

The Court made the following order: "And now to-wit

this third day of July A. D. 1908 the above case having been presented and argued by counsel, it appearing from the facts set forth in the case stated that the property described therein has been held and transferred in fee simple for over fifty-eight years and that no claim for ground rent nor any payment thereof has ever been made for over sixty years, it is ordered therefore that judgment be entered for the plaintiffs for the sum of ten hundred and seventy-five dollars besides costs of suit.

"CHARLES B. LORE, *C. J.*"